IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID G. MOUSER #1068651 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv128 |
| DOUGLAS DRETKE, ET AL. | § | |

ORDER OF DISMISSAL AND FINAL JUDGMENT

The Plaintiff David Mouser, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged denials of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c).

In his complaint, Mouser says that in 2001, prison officials put a "false escape charge" in his records. His sister died in 2002, and the escape charge prevented him from attending the funeral. Then, in 2004, the escape charge kept him from getting a job in the auto body repair shop, as well as other jobs which prison officials put him in for, as well as ones which he sought himself. Furthermore, Mouser says, the charge has twice caused him to be set off for parole.

After review of the complaint, the Court ordered prison officials to furnish records relevant to Mouser's claims. Cay v. Estelle, 789 F.2d 318, 321 (5th Cir. 1096); Parker v. Carpenter, 978 F.2d 190, 191-92 and n.2 (5th Cir. 1992).[1] A copy of these records, except for one section redacted for security purposes, was furnished to Mouser, who was given an opportunity to file a response and did so.

---

[1] These records are known as a "Martinez Report." *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (*cited with approval in* Cay and Parker).

1

The Martinez Report

The records furnished by TDCJ show that Mouser admitted to an escape attempt while confined in the Anderson County Jail. The summary of Mouser's criminal and social history, taken in an interview, says that Mouser tried to escape from the Anderson County Jail by kicking a cement block from the wall, but he was apprehended before he could leave the premises, The charges of attempted escape were subsequently dismissed.

In an order revoking probation, dated October 5, 1978, the trial court in Brazos County found that Mouser had escaped from the custody of a peace officer named Tony Perry after Mouser was arrested for a misdemeanor charge of assault. The order also noted the incident in which Mouser had removed a block from his cell, which occurred on April 29, 1981. The Martinez Report says that these two incidents are the reason that an escape code has been placed in Mouser's file.

In his grievances, Mouser indicated that he had contacted the district clerk for Anderson County, who told him that he did not have any escapes on his record. The grievance investigation form shows that Mouser provided proof from Anderson County that there were no indicted cases on an escape attempt; a letter from the Anderson County Clerk to Mouser confirms this, noting that the Clerk only has information on indicted cases.

The prison officials' conclusion, based on these facts, was to place an "EX" code on Mouser's records, which indicates an offense over ten years old and is for informational purposes only. The records distinguish this from an "ES" code, which is a security precaution code; an EX code will not affect custody level or job status, whereas an ES code will.

Consequently, Mouser was told in his grievance responses that the EX code would not affect his custody level or job status, so this code could not have prevented him from getting a job at the auto body shop. In addition, the prison officials contend that the prison officials have a legitimate reason for noting the escape attempt on its records.

With regard to Mouser's claim that the escape code caused him to be set off for parole, the records show that Mouser is a sex offender, and therefore in the highest offense severity category.

Under the criteria used by the Board, Mouser was found to be a "moderate" risk.  The Parole Board listed negative considerations of why he was not granted parole, including the fact that he is a repeat offender, had a juvenile criminal history, had a history of drug and alcohol abuse, had prior records of assaultive conduct, and had failed at two previous attempts at supervised release.  In addition, the Anderson County District Attorney wrote a protest letter opposing parole for Mouser.  The Board made no mention of any escape history as a reason for denial of parole or for setting off consideration of parole.

In his response to the Martinez Report, Mouser says that he was never charged nor indicted for any escape attempts.  He says that although the statement is made that the escapes would not affect his job placement or classification, both Mr. Coleman of the auto body shop and Mr. Richards, a welding instructor, know that Mouser was denied placement in the auto body shop because of the escape on his records.  Mouser says that the "most anguish" he suffered was from being denied the opportunity to attend his sister's funeral.

Legal Standards and Analysis

Mouser's complaint concerns an allegation that false information has been placed in his prison records.  At one time, the Fourth Circuit held that a claim of constitutional magnitude may be stated if an inmate shows that false information is in his file which is relied upon to a constitutionally significant degree.  Paine v. Baker, 595 F.2d 197, 201 (4th Cir.), *cert. denied* 444 U.S. 925 (1979); *see also* Guthrie v. Evans, 93 F.R.D. 390, 395 (S.D. Ga. 1981) *and* McCrery v. Mark, 823 F.Supp. 288, 291 (E.D.Pa. 1993).  The Fourth Circuit made clear that the fact that merely because an inmate disputes evaluations and opinions concerning him does not show that the information is false.  Paine, 595 F.2d at 201.

However, Paine has been questioned by the Fifth Circuit and other courts, including the Fourth Circuit itself.  Paine arose in the context of information in a parole file, and because inmates have no constitutional right to release on parole, the courts, including the Fifth Circuit, have concluded that there are no procedural due process protections for procedures unrelated to protected

liberty interests. Johnson v. Rodriguez, 110 F.3d 299, 308-09 and n. 13. In Johnson, the Fifth Circuit expressly stated that because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural or substantive grounds. Johnson, 110 F.3d at 308. Consequently, Johnson's allegation that the Board considers unreliable or even false information in making parole determinations, without more, did not assert a federal constitutional violation.

In this case, Mouser complains that the allegedly false information was used adversely to him in that he was denied a furlough to attend his sister's funeral, he was not given a job in the auto body repair shop, and he was given a set-off for his parole eligibility date. None of these instances involve a constitutionally protected liberty interest.

The Texas statute providing for inmate furloughs states that the institutional division "may" grant an emergency absence under escort so that an inmate may attend a funeral. Tex. Gov. Code art. 501.006. This Court has stated that prisoners do not have a constitutional expectation of a furlough. Morris v. McCotter, 773 F.Supp. 969, 972-73 (E.D.Tex. 1991). Hence, any denial of a furlough to Mouser because of the allegedly incorrect entry in his records does not set out a constitutional claim.

The Fifth Circuit has also held that inmates do not have any constitutional right or expectancy in their jobs. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). Consequently, any denial of employment in the auto body repair shop because of the incorrect entry in his records similarly does not set out a constitutional claim. *See also* Newman v. Alabama, 559 F.2d 283, 291 (5th Cir. 1977).

Mouser complains that he was denied parole, or that his parole was unjustifiably set off, because of this escape code being on his records. However, the Parole Board records show that while Mouser was denied parole for several reasons, these reasons did not include any mention of an escape history. Furthermore, because Mouser has no liberty interest in parole, Johnson says that

he cannot mount a challenge against the parole review procedures, even if incorrect information was considered. Mouser has thus failed to show any constitutional violation because the circumstance of which he complains has not resulted in the denial of any constitutionally protected liberty interest. His lawsuit is therefore without merit.

In addition, Mouser has not shown that the prison's records are false or inaccurate. He says that he has never admitted to any escapes and that the Anderson County Clerk's Office has confirmed that he has no record of any escape charges, but the documents furnished by Mouser as well as the prison officials show that the Anderson County Clerk's Office keeps records only of indicted charges, and there is no dispute that Mouser has never been indicted for an escape attempt.

Instead, the two escape attempts were cited in an order revoking probation from Brazos County. This order by itself forms a sufficient basis for TDCJ-CID officials to place a EX code - denoting a history of escapes over ten years old - in Mouser's file, regardless of whether or not Mouser actually admitted to the escapes in his interviews. Mouser's evidence shows that he was not indicted for escape, which is true, but there is no constitutional violation in the placing of information in his file showing an escape history when there is evidence of such a history, even though the escape attempts were not the subject of indictments. Mouser has failed to show that the information in his file is inaccurate, much less that any such inaccuracy has resulted in a constitutional violation. His claim is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke

v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Mouser's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted.  Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b).  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A.  It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

So **ORDERED** and **SIGNED** this **14** day of **March, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE